(55 Misc. Rep. 504)

## HURN v. OLMSTEAD et al.

(Supreme Court, Special Term, Onondaga County. April 20, 1907.)

1. VENUE—CHANGE—CONVENIENCE OF WITNESSES—AFFIDAVIT OF MERITS.

Where an affidavit of merits, in support of an application for a change of. venue for convenience of witnesses, recited that deponent had fully and fairly stated the case to his counsel, the affidavit was not rendered defective by the additional statement that affiant had disclosed the facts he expected to prove by each and every witness, in that such statement was consistent with his having failed to fully and fairly state the case to his counsel.

2. SAME—HEARING.

Where plaintiff presented no affidavit on the merits in opposition to a motion for a change of venue for convenience of witnesses, but relied on preliminary objections, she thereby conceded that the motion might be granted if defendants had made a case, however slight.

3. SAME—PLACE WHERE ACTION AROSE.

Where an action was brought for conversion which took place in C. county, and it appeared that all the witnesses who knew anything about the matter resided in that county, and that defendants had talked with "some" of their nine witnesses, and that they would testify to the facts which defendants stated they expected to prove by them, etc., the fact that the cause of action arose in C. county was entitled to weight in determining an application for removal of the cause to that county for trial for convenience of witnesses.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, §§ 76, 77.]

Action by Luella Card Hurn against May Hurn Olmstead, and another. On defendants' motion to change the place of trial from Madison to Cayuga county for convenience of witnesses. Motion granted.

Amasa J. Parker, for the motion.
Oliver D. Burden, opposed.

DE ANGELIS, J. The plaintiff presents no affidavit to oppose the motion upon its merits, but relies upon three preliminary objections, to wit: First, that the affidavit of merits is insufficient; second, that the moving papers show no grounds for the expectation on the part of the defendants to prove anything by the persons claimed to be material and necessary witnesses for the defendants; third, that the cause had been noticed for trial and placed on the calendar of the Madison Trial Term before the motion was made.

1. Although the affidavit of merits is not couched in the stereotyped and time-honored language, I think it is sufficient in substance. The element in this affidavit that might be a cause for hesitation appears to lie in the use of the words: "And disclosed the facts which he expects to prove in this action by each and every of the witnesses hereinafter named." These words are preceded by the expression: "That deponent has fully and fairly stated the case." The rule that calls upon the party "fully and fairly to state the case" requires him to state the whole situation, the elements that are favorable, as well as the elements that are unfavorable, to his cause. If the additional words used in this affidavit could be said to have afforded the affiant an opportunity not fully and fairly to state the case, and still be truthful,

then the affidavit would be insufficient; but I do not think that these additional words can fairly be regarded as having that effect.

2. I recognize the rule which requires parties to disclose the grounds of their expectations of what their witnesses will testify to, so that the court may judge whether the expectations are well founded, but do not think the moving papers are condemned by that rule. The plaintiff stands on her preliminary objections, as she had a right to; but she must take the consequences of that position. It concedes that the motion may be granted if the defendants have made a case, however slight, and however easily it might have been met on the merits. The action is for the conversion of certain chattels, principally household furniture, clothing, jewelry, and plumbing tools. The chattels were located in, and the conversion is charged to have taken place in, the city of Auburn, in the county of Cayuga. So that the cause of action arose in Cayuga county. The moving affidavits show affirmatively that all the witnesses who know anything about the matter reside in the city of Auburn. The moving affidavits further show that the defendants had talked with "some" of their nine witnesses, and that they would testify to the facts which defendants had stated they expected to prove by them. "Some" means "two or more." Doubtless a place of trial would not ordinarily be changed for the convenience of two witnesses; but there is here the other element which seems to me must control, in view of general rule 48 and current judicial pronouncement, to wit, the place where the cause of action arose, and this is an instance where that element must have great weight, because the issues formed by the pleadings indicate clearly that the material witnesses, considerable in number, will naturally be found in Auburn. There are cases where the place where the cause of action arose is of no practical moment by reason of the matters in dispute; but this case, as I have already stated, calls for the fullest application of the rule which makes the place where the cause of action arose an important factor in determining where the trial shall be had for the convenience of witnesses.

3. There is nothing in the objection that the cause had been noticed for trial and placed on the calendar of the Madison Trial Term. It appeared upon the argument by a letter from the attorney for the plaintiff to the attorney for the defendants that the cause had not been properly noticed and placed upon that calendar.

The motion is granted, with $10 costs to abide the event.